In re POTTER'S WILL.

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

1. WILLS ☞307—PROCEEDINGS TO PROBATE—WITHDRAWAL OF PROCEEDINGS.
    Where, after the filing of a will, and petition for its probate, and the
    issuance and service of a citation, a beneficiary under an alleged later
    will voluntarily, or at the suggestion of the surrogate, filed such later will,
    and a citation was duly issued, and thereafter the proponents of each will
    filed objections to the probate of the other, and the proponent of the first
    will demanded a jury trial of the issues raised by the objections to that
    will, the petition of the proponent of the later will for leave to discontinue
    the proceedings to probate that will without prejudice would be denied,
    especially in view of Code Civ. Proc. § 2610, as amended in 1914 (Laws
    1914, c. 443), providing that, on a petition for the probate of a will, every
    person designated as executor, etc., in any other will of the same testator
    filed in the surrogate's office, must be cited.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 734;  Dec. Dig.
    ☞307.]

2. WILLS ☞217—PROCEEDINGS TO PROBATE—CONSOLIDATION OF PROCEEDINGS.
    Where two instruments are propounded by different parties as wills,
    and several applications are made for probate, they will be consolidated
    and tried together as one proceeding.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 504, 525;  Dec. Dig.
    ☞217.]

3. WILLS ☞307—PROBATE PROCEEDINGS—FINDINGS.
    On a petition for leave to discontinue a proceeding to probate an al-
    leged will, the court will not make findings based only upon the petitions
    and affidavits filed, as findings should be based upon the sworn testimony
    of witnesses examined under oath on a trial of the issues involved.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 734;  Dec. Dig.
    ☞307.]

Appeal from Surrogate's Court, Rensselaer County.

Proceeding to prove an alleged will of Charlotte Potter, deceased.
From an order denying the petition of William C. Feathers for leave
to discontinue the proceeding, opposed by Augusta Gould and another,
the petitioner appeals.   Affirmed.   See, also, 154 N. Y. Supp. 1140.

The opinion of the county judge and acting surrogate was as fol-
lows:

This is a motion made upon a petition filed March 3, 1915, for the discon-
tinuance of proceedings to probate the above-named instrument as the last
will and testament of Charlotte Potter, deceased.   Charlotte Potter died on
the 2d day of April, 1914.   On the 7th day of October, 1914, an alleged will,
together with a petition asking for its probate, was filed in the Surrogate's
Court of Rensselaer county, which said alleged will bore the date of May 8,
1912, and upon said application a citation was duly issued and made re-
turnable on the 9th day of November, 1914.   Subsequent to the filing of said
will and petition and the issuance and service of said citation on the par-
ties mentioned therein, and on the 9th and 21st days of November, 1914, Alon-
zo H. Potter, a son of the testatrix, appeared by his counsel, Shaw, Bailey &
Murphy, and produced, and either voluntarily or at the suggestion of the
surrogate caused to be filed in the surrogate's office, an instrument in writing,
dated September 8, 1913, purporting to be a will of the said Charlotte Potter,
deceased, which said mentioned alleged will made a different distribution of
the estate of the deceased than the earlier alleged will of May 8, 1912, and
named as executor of said last alleged will William C. Feathers, of the city of

Troy, and upon the petition of said Feathers, as executor, a citation was duly issued to show cause why said instrument of September 8, 1913, should not be admitted to probate as the will of Charlotte Potter, deceased. So that there then were filed in the surrogate's office in this county, and before the surrogate of this county, two instruments in writing, each purporting to be the last will and testament of Charlotte Potter, deceased—one of May 8, 1912, naming Augusta Gould as an executrix, and Augusta Gould, Agnes Kirk, Sarah L. Cook, Alice E. Feathers, and Alonzo H. Potter, the five children of the deceased, as beneficiaries, share and share alike; and the other and later instrument of September 8, 1913, naming William C. Feathers as executor, and Alonzo H. Potter and Alice Feathers, the two youngest children as beneficiaries, share and share alike—and citations to show cause why each should not be probated as the last will of the said deceased, duly issued. Subsequent thereto objections were duly filed by each of the proponents of said alleged wills, by their counsel, to the alleged will offered for probate by the other, and these objections not having been verified, at a later time verified objections were in like manner duly filed by them.

On December 19, 1914, Augusta Gould, through her attorneys, filed in writing a demand for a jury trial of all the issues raised by the objections filed to the will of May 8, 1912, and on that day Calvin S. McChesney, surrogate of Rensselaer county, filed his certificate of disqualification, on the ground that it was improper for him to act in said proceedings, and the proceedings subsequent thereto were had before the Rensselaer county judge, acting surrogate. The objections filed by the proponent of the alleged will of September 8, 1913, set forth that the alleged will of May 8, 1912, is not the last will and testament of Charlotte M. Potter, deceased, and further declare that a will revoking said instrument of May 8, 1912, is filed and on record in the surrogate's office, so that it would seem that the demand for a jury trial was in substance a demand to try out the question as to which instrument of the two was in truth and in fact the last will and testament of Charlotte Potter, deceased. Later, and on March 3, 1915, a petition asking that a supplemental citation issue to William C. Feathers, the executor named in the alleged will of September 8, 1913, was filed with the acting surrogate. Objections to the issuance of such citation were duly filed by Shaw, Bailey & Murphy, Mr. Feathers' attorneys, and on the 4th day of March, 1915, an order directing supplemental citation in accordance with said petition was duly made, and on March 6, 1915, an appeal from said order was duly taken by the attorneys for Mr. Feathers. On March 3, 1915, a petition for the discontinuance of the proceeding instituted for the probate of the alleged will of Charlotte Potter, deceased, dated September 8, 1913, was filed by William C. Feathers, as executor of the said alleged will, accompanied by the written consents, duly verified, of Alice E. Feathers and Sarah L. Cook, and the consent of Alonzo H. Potter, by his attorneys, Shaw, Bailey & Murphy, and on March 26, 1915, affidavits of Augusta Gould and Agnes Kirk, beneficiaries under the alleged will of May 8, 1912; Augusta Gould being an executrix and the proponent of said will, in opposition to the petition of Mr. Feathers for leave to discontinue the proceedings, were filed. This last motion for leave to discontinue is the subject now before me for consideration and I have given so much of the history of this controversy, from its inception down to now, as it seems to me I should give in order to make clear in one statement the reasons for my decision.

[1] It matters not under what conditions or why the alleged will of September 8, 1913, was filed in the surrogate's office and its probate sought. Its apparent and alleged purpose was to defeat the probate of the alleged will of an earlier date, which had there been filed and offered for probate. The proponent of the will of May 8, 1912, has asked for a jury trial of the issues raised. The proceeding is a proceeding in rem. The petitioner for the discontinuance of the proceeding of the alleged will of September 8, 1913, prays "that the proceeding may be discontinued without prejudice, with the same force and effect as though it had not yet been instituted or commenced," and moves that it be "discontinued without prejudice as above desired"; but it nowhere appears that either the petitioner for the discontinuance thereof, or

others who may be interested in the will, are content to forever abandon its probate, nor has any one declared that the instrument is other than it has been alleged to be and filed as, viz., the last will and testament of Charlotte Potter, deceased.

[2] Section 2610 of the Code of Civil Procedure, as amended in 1914 (Laws 1914, c. 443), which provides who are to be cited upon a petition for the probate of a will, provides, among other things, as follows: "The following persons must be cited upon a petition presented as prescribed in the last section. * * * In every case, each person designated in the will as executor, testamentary trustee or guardian, and each person named as executor, testamentary trustee or guardian, or beneficiary in any other will of the same testator filed in the surrogate's office." Under this section it was proper that a citation should issue to William C. Feathers, the executor of the alleged will of September 8, 1913, upon the petition for such citation by the proponent of the will of May 8, 1912, and all the writers on Surrogate's Court practice are a unit on the proposition that where two instruments are propounded by different parties as wills, and several applications made for probate, they will be consolidated and tried together as one proceeding. This, undoubtedly, was in the mind of Surrogate McChesney when, as is alleged, he urged the filing of the will of September 8, 1913. Such a proceeding or trial would finally result in establishing one paper or the other as the last will of the deceased, and would thereby possibly save a multiplicity of proceedings or trials, and bring about a final determination at an earlier day than if each proceeding were continued separately. For example, we might continue the proceeding under the alleged will of May 8, 1912, to a final determination, and I cannot see why, after the entry of the final decree in that matter, the will of September 8, 1913, might not again be presented for probate as the last will and testament of the deceased, and another proceeding had to determine whether that instrument really was what it purported to be, and, if finally established as the last will of the deceased, the proceedings had in the matter of the earlier instrument of May 8, 1912, would then have been a useless task.

That a different rule prevails with reference to the right to discontinue or withdraw a proceeding of this kind than prevails in an action at law is clearly demonstrated in the matter of the probate of the will of Francis W. Lasak, deceased, 131 N. Y. 624, 30 N. E. 112, and the following citation. In the Lasak matter, the court says (131 N. Y. at pages 626, 627, 30 N. E. at page 113): "After the petition was filed with the surrogate, and the proper parties had been cited and were before him, he had jurisdiction of the subject-matter and of the parties. It was a proceeding in rem to prove the will. All the parties could become actors therein. Code Civ. Proc. § 2617. Any of them could contest and produce witnesses in opposition to the probate, and any of them could offer witnesses in support of the will and cross-examine the witnesses called in opposition thereto. In such a case, if all the parties cited, being of full age, should ask that the proceedings be dismissed, no one appearing in support of the will, it would be the duty of the surrogate to dismiss the proceedings. The same result could be produced if all the parties cited should formally admit that the will was * * * incompetent. But, so long as any person cited is before the surrogate in support of the will, he has no right, upon the motion of any other party, arbitrarily to arrest or dismiss the proceeding. After the proceeding is once instituted, and the parties cited are before the surrogate, it is not solely the proceeding of the proponent. It is a proceeding in behalf of all the parties interested to prove the will. If the proponent should die, the proceeding would not abate. If he left successors to his interest, they would have to be brought in and be made parties to the proceeding as persons interested in the estate. If the proponent should refuse to introduce any evidence in support of the will, any other party could produce and examine the witnesses." See, also, Matter of Miller, 141 App. Div. 349, 126 N. Y. Supp. 690; Matter of O'Donnell, 141 App. Div. 463, 126 N. Y. Supp. 551; Dodd v. Anderson, 112 N. Y. Supp. 414.

In this proceeding it is especially important under the present revised practice in Surrogate's Court that the petitioner on this motion should not be permitted to discontinue his proceeding. Prior to the enactment of section

2610 of the Code of Civil Procedure, the executor of another alleged will than the one offered for probate was a necessary party, but was not bound by any decision unless actually made a party to the proceeding; but the amendment of section 2610 of 1914 (Laws 1914, c. 443), states, "The following persons must be cited upon a petition presented and as prescribed in the last section," and then goes on to say, "and each person named as executor * * * in any other will of the same testator filed in the surrogate's office," so that under the law as it at present reads, the executor of the will of September 8, 1913, said will having been filed and offered for probate in the Surrogate's Court, must be cited in this proceeding and if he must be cited as executor of such will, I cannot see the consistency of permitting him to withdraw the proceeding for the probate of said will and then possibly try the matter piecemeal, instead of in one proceeding and one trial, and to one end and determination.

I therefore deny the petitioner's motion for leave to discontinue the proceeding for the probate of the will of Charlotte Potter, deceased, of September 8, 1913. An order in accordance herewith may be entered.

[3] I feel that I should not subscribe to the request to find submitted by counsel for the petitioner, for the reason that all proofs before me are in the form of affidavits, and that such findings could therefore be based only upon the petitions and affidavits filed, and not based, as findings should be based, upon the sworn testimony of witnesses examined under oath on a trial of the issues involved.

### Amended Opinion.

The memorandum of decision made herein, denying the petitioner's motion for leave to discontinue the proceedings for the probate of the will of Charlotte Potter, deceased, of September 8, 1913, dated April 7, 1915, is hereby amended so as to include the following, viz.: That the answer and objections in behalf of Augusta Gould, verified February 26, 1915, to the probate of the alleged will of Charlotte Potter of September 8, 1913, and a demand for a jury trial incorporated in said answer and objections, were over the objection of the attorney for Mr. Feathers received and filed generally as objections to the will of September 8, 1913, at the time of the making of this decision.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Shaw, Bailey & Murphy, of Troy (H. D. Bailey, of Troy, of counsel), for appellant.

Douglas & Gordon, of Troy (William C. Gordon, of Troy, of counsel), for respondent.

PER CURIAM. Order affirmed, with costs, on the opinion of the county judge, acting as surrogate.

---

### HENRY v. VILLAGE OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. MUNICIPAL CORPORATIONS ⬖661—CONTROL OF PUBLIC WAYS—DELEGATION OF POWER.

The state may delegate its sovereign power over highways and bridges to municipal corporations, and in such case there is an implied undertaking on the part of the municipality to perform its duties with fidelity, for failure to perform which it may be held liable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1432, 1434–1436; Dec. Dig. ⬖661.]

⬖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes